IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:01CR10023 |
| | ) | |
| | ) | |
| AGNES HOLBROOK | ) | |

**MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S MOTION TO SET TRIAL DATE**

Defendant Agnes Holbrook, by counsel, respectfully requests that the Court deny the Government's Motion to Set Trial Date for the reasons which follow:

**Background**

While the procedural history of this matter is well-known to the Court, a brief synopsis of recent history is repeated here to explain why the Court should deny the Government's Motion.

Ms. Holbrook was charged in a two-count Indictment. Count One charged possession of a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g); while Count Two charged the making of a false or fictitious statement (that she was not convicted of a misdemeanor crime of domestic violence) in connection with the purchase of the firearm in violation of 18 U.S.C. § 922(a)(6). Those charges, according to the pertinent statutes, both carried maximum terms of 10 years imprisonment for a total maximum term of 20 years.

Ms. Holbrook began a jury trial on both counts on August 21, 2001. Docket, 8/21/2001. That trial was stopped without jury verdict on August 23, 2001 when Ms. Holbrook pled guilty to Count One in exchange for the dismissal of Count Two. The Plea Agreement contained a conditional promise by the Government to move to dismiss Count Two provided that the defendant would not move to withdraw the guilty plea. The Plea Agreement also contained a stipulation that under the then applicable United States Sentencing Guidelines, the cross-reference under U.S.S.G. § 2K2.1(c)(1)(B) would be applicable and would result in a base offense level 33 under the 2nd degree murder guideline—U.S.S.G. § 2A1.2(a).

Attorney Collins began his formal federal representation of Ms. Holbrook in October 2001. He then filed a Motion to Withdraw Plea on November 5, 2001. The filing of the Motion caused the Government to give notice immediately that it would not stipulate to the dismissal of Count Two. Ms. Holbrook was eventually tried and convicted on Count Two and sentenced on Counts One and Two to consecutive terms of 120 and 90 months, respectively.

Ms. Holbrook was later resentenced following the decision in *United States v. Booker*, 543 U.S. 220 (2005). While that re-sentencing hearing benefited her because the two consecutive federal terms were imposed concurrent to her state sentence (seven and one-half years) for manslaughter, the re-sentencing did not change the length of her federal sentence on the two counts.

Subsequently, Ms. Holbrook filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A § 2255. The Court dismissed all Ms. Holbrook's claims except that her attorney, Anthony Collins, had provided ineffective assistance with regard to her unsuccessful attempt to withdraw her guilty plea, resulting in a longer sentence. An evidentiary hearing was held on November 2, 2009 with later post-hearing briefing. Nowhere in the

Government briefing as to the section 2255 motion did the Government disclose that the section 2255 remedy contemplated would be ineffective because it would re-prosecute Ms. Holbrook as to the count 2 charges due to her supposed violation of the plea agreement. *See* Dkt. No. 190. On January 23, 2010 this Court entered an Order vacating her conviction and sentence as to Count Two, leaving the existing sentence as to Count One. The amended Judgment entered on January 26, 2010.

The Government has since filed, on February 16, 2010, a Motion to Set Trial Date arguing that Ms. Holbrook has breached the conditions of the plea agreement by making false statements. The Government contends that Ms. Holbrook made false statements on August 21, 2001 and August 22, 2001 (prior to the plea agreement), November 8, 2001 and July 25, 2002 (when represented by Anthony Collins), February 28, 2008 (statements contained in the ultimately successful 2255 petition) and on November 2, 2009 (during evidentiary hearing).

**The Instant Motion Warrants Denial under Federal Rule of Civil Procedure 59(e).**

The instant motion was filed post-judgment and specifies no rule of civil or criminal procedure authorizing relief. When such post-judgment motions in section 2255 matters fail to specify a procedural basis for relief, they have been routinely treated by the Court of Appeals as brought pursuant to Rule 59(e), if timely, and Rule 60(b), if untimely. *See In re Burnley*, 988 F.2d 1, 2 -3 (4th Cir. 1992) (setting forth general rule and citing cases); *United States v. Alvarez*, 37 Fed.Appx. 660, 661, 2002 WL 1336660, 1 (4th Cir. 2002) (applying *Burnley* holding to section 2255 proceedings); *United States v. McMahan*, 8 Fed.Appx. 272, 274, 2001 WL 483427, 1 (4th Cir. 1992) (same). In this case, the motion was timely under Rule 59(e).

The Fourth Circuit's application of the tenets of Rule 59(e) to post-judgment section 2255 motions is established both by rule and other precedent. Rule 12 of the Rules Governing

3

Section 2255 Proceedings for the United States District Courts provides that "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent . . ., may be applied to a proceeding under these rules." A like invitation in the habeas rules has been used by the United States Supreme Court to apply the civil post-judgment rules to habeas proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 535-536, 125 S.Ct. 2641, 2650 (U.S. 2005) (so holding); *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining necessity of allowing post-judgment correction under Rule 59 in cases brought under section 2255). Thus, both precedent and the rules dictate Rule 59(e)'s application.

This is pertinent to the instant motion because the Government's motion does not meet the standards for Rule 59(e) relief under federal precedent. Relief under Rule 59(e)—which is the pertinent rule—is "appropriate on three different grounds: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 (4th Cir. 2008) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998)). At the same time, a Rule 59(e) motion is not authorized to enable a party to complete presenting his case after the court has ruled against him, nor to raise arguments which could have been raised prior to the entry of judgment. *Pacific Ins. Co.,* 148 F.3d at 403 (citing multiple cases).

In this case, the United States' intent to re-prosecute Count Two was a matter that could and should have been raised in the prior briefing. Namely, the supposed rationale—Ms. Holbrook's statements in her section 2255 briefing and testimony at hearing—were known prior to the section 2255 briefing. The intent to re-prosecute was highly pertinent to the relief sought and ordered because it bore upon the efficaciousness of the court's chosen remedy, and also on

4

whether the issuance of a remedy would in fact be beneficial to Ms. Holbrook. Under these circumstances, Rule 59(e) does not authorize the relief sought by the Government.

### The Relief Sought is Inconsistent with the Court's Chosen § 2255 Remedy.

In the Court's opinion dated January 23, 2010, the relief granted was to "correct [Ms. Holbrook's] sentence by placing her in the position that the Government agreed to prior to Collins' entry into the case." Opinion at 25. Thus, Ms. Holbrook's conviction and sentence for Count Two were both vacated. *Id.* Ms. Holbrook maintains that placing herself in the same position she was in prior to the withdrawal of the guilty plea requires that all of the subsequent proceedings, statements, *etc.* which may be inconsistent with the guilty plea are consider null and void, and hence not a reason for re-prosecution.

This premise follows for several reasons: First, it is explicit in the Court's Opinion that upon consideration of the broad scope of section 2255 relief it had deliberately selected as a remedy "a sentence of not more than ten years' imprisonment." *Id.* This remedy was further explained as "vacating her conviction and sentence as to Count Two, leaving the existing sentence as to Count One." *Id.* This remedy does not permit further prosecution as to Count Two because such a prosecution would lead to a term of more than ten years incarceration. In determining this relief, the Court also made mention of the language of section 2255 which expressly allows the vacation and "discharge" of a "prisoner" as to a judgment of conviction. *Id.* at 25, n.17. This reference to "discharge" was intentional and made explicit that further punishment for Count Two was not allowed. Such a remedy is consistent with the remedial law of the Fourth Circuit and other Circuits, which understand that § 2255 confers a broad and flexible remedy, which includes the power to force the Government to discharge the defendant from imprisonment as to a given count and/or modify the sentence to correct for constitutional

error.  *See, e.g., United States v. Garcia*, 956 F.2d 41, 45-46 (4th Cir. 1992); *Dasher v. Attorney General, Florida,* 574 F.3d 1310, 1318 (11th Cir. 2009); *Boria v. Keane,* 99 F.3d 492, 498-99 (2nd Cir.1996); *Williams v. Singletary,* 78 F.3d 1510, 1516-17 (11th Cir.1996); *Gentry v. Deuth*, 456 F.3d 687, 696 -97 (6th Cir. 2006); *Brown v. Poole,* 337 F.3d 1155, 1161-62 (9th Cir. 2003); *Nunes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003) (citing *United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994)); *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180, 184 (7th Cir. 1997).  Thus, the bar against further prosecution was both intended and necessary as a means of constitutional redress.

Second, the overarching principle explained in the cases cited in the preceding paragraph is that sometimes extraordinary remedies like vacation of a conviction and imposition of a particular sentence are necessary to return the movant to the position she would occupy absent the unconstitutional conduct.  For example, the Fourth Circuit explained in *Garcia* that under the circumstances of that case any remedy which would permit re-prosecution would be "a pyrrhic victory for a defendant who faces the same (or greater) volume of evidence of guilt that persuaded him to plead guilty in the first place."  956 F.2d at 46.  Similarly, as explained in *Blaylock*, when the unconstitutional conduct interferes with an existing plea offer, the remedy should be tailored to re-instate the plea rather than force another trial.  20 F.3d at 1468.  Those same principles apply here.  The allowance of re-prosecution would be a punishment, not a remedy, because it would lead to a prosecution with a pre-determined and unfavorable result.  Such a "remedy" would also not disinfect these proceedings from all of the downstream consequences that Mr. Collins has inflicted, which include his placing of Ms. Holbrook into a legal position in which she was called to testify inconsistent with her previous testimony for no valuable purpose, and thereafter struggling with the fallout of those decisions.  The remedy

selected by the Court wisely excises those consequences by returning Ms. Holbrook to the status quo ante. The Government's Motion to Set Trial Date is inconsistent with that remedy and the purpose of the section 2255 remedy.

Third, another reason why re-prosecution should be barred is because of the timing and delay in these proceedings. Ms. Holbrook has now suffered the better part of a decade under the burden of an unconstitutional sentence. The Government's argument in favor of a late prosecution of her does not recognize the terms of the original plea, nor the provisions of federal law preventing delayed prosecution. The original plea ordained that Count Two would be dismissed at the time of the original sentencing hearing—previously set for November 8, 2001. The Government's Motion to Set Trial Date was, of course, filed on February 22, 2010, or 8 years and 3.5 months later. This delay is pertinent given the provisions of federal law meant to prevent such delayed prosecutions. Federal statute does not countenance such delays.

Specifically, federal law provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C.A. § 3282.

This provision was applied in the similar case of *United States v. Midgley*, 142 F.3d 174, 177 (3rd Cir. 1998) (citing cases). In *Midgley,* the defendant filed a belated section 2255 based on a change in law, and prevailed in vacating the defendant's conviction. The Government then sought to re-prosecute the defendant on dismissed counts based on a violation of the plea agreement. This re-prosecution was not allowed because re-prosecution would have violated the statute of limitations. While this case is different than *Midgley* because the United States did not originally dismiss count two, the parallel circumstances suggest why re-prosecution is

inappropriate. Namely, to give full effect to the section 2255 remedy, the indictment on count two must be treated as if it were dismissed on November 8, 2001 and the re-prosecution barred as untimely in light of the delay in prosecution. Such delays in prosecution are another reason why the section 2255 remedy is broad and flexible—because it must prevent, on occasion, re-prosecution on stale charges. *See also Toussie v. United States,* 397 U.S. 112, 115 (1970) (holding that criminal limitation statutes are liberally interpreted in favor of repose, and quoting *United States v. Habig,* 390 U.S. 222, 227 (1968)).

Fourth, the *Midgley* case in discussing *United States v. Viera,* 931 F. Supp. 1224 (M.D. Pa. 1996), the case which it abrogated, said that Midgley was less at fault than Viera in terms of causing disappointed expectations for the Government. While it is true in this case that both Ms. Holbrook and the Government have had their expectations in the plea agreement frustrated, the Government should acknowledge its own role in that frustration. The Government knew or should have known when it opposed the baseless motion to withdraw guilty plea filed by Mr. Collins that such a motion stood no realistic chance of success in light of Fourth Circuit law and the plea colloquy. It likewise knew or should have known this when it decided to withdraw from its obligations to move for the dismissal of Count Two. Although the Motion to Set Trial Date also raises other matters like Ms. Holbrook's later section 2255 filings and testimony after Mr. Collins was a stranger to the case, those events should be seen for what they are—the conduct of a *pro se* litigant attempting to seek redress from a complicated legal situation which was greatly complicated by the previous representations of Mr. Collins and her own previous testimony adduced by Mr. Collins. The United States has played no small role in setting this case on a path of controversy. Thus, while Ms. Holbrook is not without some fault, neither is the Government.

Finally, judicial restraint and the conservation of judicial resources favor ending this case sooner rather than later. The better part of a decade has lapsed amidst continued appeals, certiorari petitions and the like. A further trial would likely lead to further appeals, certiorari petitions, section 2255 petitions and the like. The section 2255 remedy is both broad and flexible enough to limit such re-prosecution, and the remedy selected wisely avoids this course.

### **The Alleged Breaches Are Not Material**

It must be remembered, notwithstanding the United States' argument to the contrary, that the reason the Government is petitioning for relief now is not because of Ms. Holbrook's false statements or testimony as to Count One, but because of her accurate testimony that she would not have proceeded with the motion to withdraw had she been fairly advised by Mr. Collins. *See* Opinion at 18. The supposed violations of the plea agreement did not cause this relief to enter, and neither do those circumstances warrant any re-prosecution.

The Fourth Circuit has held that plea agreements rest on contractual principles and that each party should receive the benefit of the bargain. *U.S. v. Jureidini,* 846 F.2d 964, 965-66 (4th Cir. 1988). The Fourth Circuit has also held, however, that constitutional and supervisory concerns require holding the Government to a greater degree of responsibility than the defendant for ambiguities in plea agreements. *U.S. v. Harvey*, 791 F.2d 294, 300-01 (4th Cir. 1986). Ms. Holbrook asserts that her accused statements were not material given that the previous hearing was decided based on the portions of her testimony and section 2255 petition which were accurate. *See, e.g., United States v. Peglera,* 33 F.3d 412, 413 (4th Cir.1994) (holding that defendant's false testimony was an insufficient basis to excuse the Government's obligations under the plea agreement). Specifically, she relies on the general principle that an injured party may suspend performance and cancel an agreement upon a breach "only if the breach is *material,*

9

that is, sufficiently serious to warrant this response." 2 E. Allan Farnsworth, Farnsworth on Contracts ("Farnsworth") § 8.15, at 489 (2d ed.1998) (emphasis in original); *see, e.g., Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1143 (9th Cir.2003) (noting that a breach will justify ending an agreement "only when it is of so material and substantial a nature that [it] affect[s] the very essence of the contract") (internal quotation marks and citations omitted).

Central to determination of the materiality of a breach is "the extent to which the injured party will be deprived of the benefit which he reasonably expected." Restatement (Second) of Contracts ("Restatement")*544 § 241 (1981); *see also United States v. Kelly,* 337 F.3d 897, 901-02 (7th Cir.2003) (applying this factor in determining the materiality of a defendant's breach of a plea agreement);  2 Farnsworth § 8.16, at 496 (describing this factor as the "[m]ost significant" in determining materiality).

In this case, the Government reasonably expected a sentence of ten years, and has now received that sentence.  (The Bureau of Prison has calculated that Ms. Holbrook's Count One imprisonment will be satisfied as of May 2010.)  The pursuit of additional imprisonment based on inconsequential breaches of the plea agreement should not be allowed.

## **CONCLUSION**

For all of the reasons given, Ms. Holbrook urges that the Government's Motion to Set Trial Date be denied.

Respectfully Submitted,<br>
AGNES HOLBROOK<br>
By Counsel

s/Brian J. Beck
Assistant Federal Public Defender

Office of the Federal Public Defender
    for the Western District of Virginia
201 Abingdon Place
Abingdon, VA 24211
(276) 619-6087

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing document was electronically filed with the Clerk of Court and will be forwarded using the CM/ECF system to Assistant United States Attorney Jennifer Bockhorst counsel for the United States this 2nd day of March, 2010.

    s/Brian J. Beck