# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | )<br>) Case No. 2:01CR10023<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| | ) By: James P. Jones |
| **AGNES HOLBROOK**, | ) United States District Judge<br>) |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for the United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The court previously vacated the defendant's consecutive sentence under Count Two of the Indictment in order to place her in the same position that she would have been had she received the constitutionally-required effective assistance of counsel. The government has now moved the court to permit a retrial of the defendant on that count because of her breach of the Plea Agreement. Because I find that any such breach was not material, I must deny the government's request.

I

While this criminal case has a complicated procedural history, the basic facts are simple. In 2001, Agnes Holbrook, the defendant, intentionally shot and killed her

estranged husband. She had been previously convicted of a misdemeanor crime of domestic violence and the government prosecuted her in this court for unlawful possession of a firearm (Count One) and making a false statement in order to buy a firearm (Count Two).[1] Midway through the trial on these charges, she entered a guilty plea to Count One, in return for the government's promise to dismiss Count Two, which promise effectively capped her sentence at ten years imprisonment, the maximum permissible under the statute.[2]

I accepted the plea, but before she could be sentenced, she discharged her attorneys and hired a new lawyer who filed a precipitate motion to withdraw the guilty plea. I denied the motion but permitted the government to try Holbrook on Count Two, based on the government's contention that she had violated a material term of her Plea Agreement by attempting to withdraw her guilty plea to Count One.[3] At a new trial she was convicted of Count Two and I sentenced her to 210 months

---

[1] In violation of 18 U.S.C.A. § 922(g)(9) (West 2000) (Count One) and 18 U.S.C.A. § 922(a)(6) (West 2000) (Count Two).

[2] 18 U.S.C.A. § 924(a)(2) (West 2000).

[3] *United States v. Holbrook*, 207 F. Supp. 2d 472, 474-76 (W.D. Va. 2002).

imprisonment (17½ years), consisting of 120 months on Count One and 90 months on Count Two, to run consecutively. She appealed unsuccessfully.[4]

Thereafter, Holbrook filed a pro se Motion to Vacate, Set Aside, or Correct Sentence,[5] denying her guilt and attacking her convictions on both counts on numerous grounds. I denied relief on all but one of the grounds.[6] As to that remaining ground, I appointed counsel for her and held an evidentiary hearing as to whether she had received the constitutionally-required effective assistance of counsel in connection with the motion to withdraw her guilty plea. After considering the evidence, I concluded that she had not received such assistance, to her prejudice. I found that had her new attorney, Anthony E. Collins, conducted an adequate investigation and given her appropriate advice she would not have sought to withdraw her guilty plea and thus would have received the bargained-for maximum of ten years imprisonment, instead of the 17½ years she eventually received.[7]

---

[4] *United States v. Holbrook*, 368 F.3d 415, 416-18 (4th Cir.), *reh'g and reh'g en banc denied*, 376 F.3d 259 (4th Cir. 2004)*, rev'd on other grounds*, 545 U.S. 1125 (2005).

[5] *See* 28 U.S.C.A. § 2255 (West Supp. 2010).

[6] *United States v. Holbrook*, 613 F. Supp. 2d 745, 776-77 (W.D. Va. 2009).

[7] *United States v. Holbrook*, No. 2:01CR10023, 2010 WL 343381, at *10 (W.D. Va. Jan. 23, 2010).

In granting relief, I held that it was appropriate under the circumstances to place Holbrook "in the position that the government agreed to prior to Collins' entry into the case — a sentence of not more than ten years imprisonment."[8] Accordingly, I entered an order vacating the defendant's conviction and sentence on Count Two.[9]

Both Holbrook and the government appealed. In its appeal, the government asserted that this court erred in finding attorney Collins' performance objectively unreasonable and that Holbrook suffered prejudice as a result.[10] In her pro se appeal, Holbrook contended that this court erred in not granting relief on other claims made in her 2255 motion relating to her convictions under both Counts One and Two.[11]

Thereafter, the government moved to voluntarily dismiss its appeal, which motion was granted by the court of appeals.[12] Holbrook continued with her appeal, but it was eventually dismissed by the court of appeals.[13]

---

[8] *Id.*

[9] Order, *United States v. Holbrook*, No. 2:01CR10023 (W.D. Va. Jan. 23, 2010) (ECF No. 193).

[10] Docketing Statement 3, *United States v. Holbrook,* No. 10-4254 (4th Cir. Mar. 22, 2010).

[11] Informal Opening Brief 2-3, *United States v. Holbrook,* No. 10-6246 (4th Cir. Mar. 8, 2010).

[12] Order, *United States v. Holbrook,* No. 10-4254 (4th Cir. July 27, 2010).

[13] *United States v. Holbrook,* No. 10-6246, 2010 WL 4269316 (4th Cir. Oct. 26, 2010) (unpublished). The court did not issue its mandate until recently. Mandate, *United*

After withdrawing its appeal, the government filed the present Motion to Set Trial Date, in which it again seeks to enforce Holbrook's Plea Agreement by retrying her on Count Two. The government asserts that the basis of Holbrook's breach of the Plea Agreement upon which it now relies was not her past attempt to withdraw her guilty plea, but rather her later allegations and testimony in connection with her 2255 motion.[14] Represented by counsel, Holbrook opposes the government's motion.[15] The motion has been heard and is ripe for decision.

II

There is no doubt that Holbrook violated the terms of her Plea Agreement by filing the 2255 motion attacking her conviction under Count One and denying her

---

States v. Holbrook, No. 10-6246 (4th Cir. Dec. 20, 2010).

[14] Although her Plea Agreement contained a waiver of the right to collaterally attack her conviction and sentence under Count One and provided that any such collateral attack would constitute a breach of the agreement, the government does not expressly rely on that breach in its motion, but instead on the stipulations contained in section H of the Plea Agreement, entitled "Acceptance of Responsibility." That section allowed the government to declare a breach if Holbrook denied that she committed the crime charged in Count One, made a false statement, obstructed justice, committed other crimes, or otherwise indicated that she did not accept responsibility for her conduct. However, during oral argument on the government's motion, counsel for the government indicated that the filing of the 2255 motion itself to the extent that it attacked the guilty plea under Count One "gives us a right to try her." (Hearing Tr. 5, Aug. 30, 2010.)

[15] Holbrook has fully served her 10-year sentence on Count One and is now serving a state sentence also resulting from the death of her husband.

guilt. I have previously expressed my view that "she intentionally killed her husband without justification and . . . has lied repeatedly in order to escape responsibility for that act."[16] Nevertheless, I find that the government has not shown that the breach of these terms of the Plea Agreement was material, that is, "sufficiently serious to warrant [a remedy]."[17]

The breach here was unlike the breach resulting from Holbrook's motion to withdraw her guilty plea, which I previously held was material and justified the refusal of the government to dismiss Count Two.[18] There I found that the breach "resulted in a continuation of these proceedings for over seven months, together with considerable expense and effort by the government through multiple hearings in defending against the motion to withdraw," thus greatly diminishing the government's expected benefit from its agreement.[19]

By contrast, Holbrook's collateral attack on her conviction under Count One and her statements in support thereof did not cause the serious prolongation of any proceedings or any additional delay or expense. The central issue in the 2255

---

[16] *Holbrook*, 2010 WL 343381, at *10.

[17] *United States v. Scruggs*, 356 F.3d 539, 543 (4th Cir. 2004) (internal quotation marks and citation omitted).

[18] *Holbrook*, 207 F. Supp. 2d at 475.

[19] *Id.*

proceedings was whether Holbrook received adequate legal representation in connection with her meritless effort to withdraw her guilty plea. That issue has now been finally decided in Holbrook's favor. Her other efforts to set aside her conviction were insufficiently serious in the circumstances of this case to be held to be material.

While often the failure of a defendant to comply with the terms of a plea agreement requiring him to tell the truth and accept responsibility will constitute a material breach of the agreement, the rule of materiality depends on "the facts of each case in such a way as to further the purpose of securing for each party his expectation of an exchange of performances."[20]

I find the defendant's breach of her Plea Agreement as complained of does not justify the remedy sought by the government and I must deny the government's motion.[21]

---

[20] Restatement (Second) of Contracts § 241 (1981).

[21] Holbrook also argues that the government has waived the relief it now seeks by failing to timely move for reconsideration following the court's order vacating Holbrook's sentence on Count Two, but instead electing to appeal, an appeal which it later withdrew. In light of my ruling, it is unnecessary for me to decide this issue.

III

For the reasons stated, it is **ORDERED** that the Motion to Set Trial Date (ECF No. 222) is DENIED.

        ENTER: January 5, 2011

        /s/ JAMES P. JONES
        United States District Judge